# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50096
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
August 15, 2017

Lyle W. Cayce
Clerk

JOE LUIS COBAROBIO,

Plaintiff-Appellant

v.

MIDLAND COUNTY, TEXAS; GARY PAINTER, Midland County Sheriff; GABRIEL SUBIA, Detective; BENNY DOE, Midland County Deputy Sheriff; JOHN DOE, I, Midland County Deputy Sheriff; JOHN DOE, II, Midland County Deputy Sheriff; EDELMIRA SUBIA, Midland County Deputy Sheriff; CITY OF MIDLAND, TEXAS; JOHN DOE, I, Police Officer,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CV-111

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Joe Luis Cobarobio, Texas prisoner # 1867973, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50096

Cobarobio filed the complaint arguing that the defendants violated state law, as well as federal law, when they interfered with his ability to photograph and video record the aftermath of a train accident in Midland, Texas.

Before this court, Cobarobio does not address the district court's conclusion that he failed to allege a policy or custom of Midland County or the City of Midland that caused him to be deprived of a federally protected right. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).  He also fails to address the district court's conclusion that Midland County and the City of Midland were not liable under § 1983 based on theories of ratification, de facto policy, and respondent superior.  Accordingly, Cobarobio has abandoned any challenge he could have raised to the district court's decision dismissing his complaint against Midland County and the City of Midland for failure to state a claim upon which relief may be granted.  *See Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

As to the remaining defendants, Cobarobio reasserts his claim that the defendants violated his First Amendment right to freedom of speech and expression by interfering with his ability to photograph and video record the aftermath of a train accident.  He also reasserts his argument that the defendants falsely arrested him and seized his property in violation of the Fourth Amendment.  Additionally, he raises a claim of retaliation.  The district court determined that these defendants were entitled to qualified immunity.

Qualified immunity protects government officials whose "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hathaway v. Bazany*, 507 F.3d 312, 320 (5th Cir. 2007) (internal quotation marks and citation omitted).  To defeat the defense of qualified immunity, Cobarobio must plead facts to show a violation of a right that was clearly established at the time of the incident and

No. 15-50096

that, in light of that clearly established law, the defendant's conduct was objectively unreasonable. *See Short v. West*, 662 F.3d 320, 325 (5th Cir. 2011). As determined by the district court, Cobarobio fails to establish that there was a clearly established First Amendment right for him to record police activity during an on-going emergency situation like the one involved in the instant case. In *Turner v. Lieutenant Driver*, 848 F.3d 678, 688 (5th Cir. 2017), this court held that "First Amendment principles, controlling authority, and persuasive precedent demonstrate that a First Amendment right to record the police does exist, subject only to reasonable time, place, and manner restrictions." However, we did so only after noting that "there was no clearly established First Amendment right to record the police at the time of Turner's [2015 arrest]." *Id.* at 687. Because Cobarobio's arrest occurred in 2012, he cannot satisfy his burden of establishing that the defendants are not entitled to qualified immunity. *See Short*, 662 F.3d at 325. Moreover, because there was probable cause to arrest Cobarobio for interference with public duties, Cobarobio cannot establish a Fourth Amendment violation. *See Mesa v. Prejean*, 543 F.3d 264, 273 (5th Cir. 2008) (recognizing that motivation for arrest is irrelevant if there was probable cause to support the arrest); *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004) ("To ultimately prevail on his section 1983 false arrest/imprisonment claim, [the plaintiff] must show that [the officer] did not have probable cause to arrest him."); TEXAS PENAL CODE ANN. § 38.15(a)(1).

Cobarobio does not challenge the district court's determination that the defendants are entitled to qualified immunity as to his claims of excessive force and failure to intervene. These claims are thus deemed abandoned. *See Brinkmann*, 813 F.2d at 748. Cobarobio also abandons the claims he fails to

raise before this court on appeal.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, the district court's judgment is affirmed.   Cobarobio's motion to file an out of time reply brief is DENIED.   The district court's dismissal of Cobarobio's complaint for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).   Cobarobio is warned that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

AFFIRMED; MOTION DENIED; SANCTION WARNING ISSUED.